KENNETH EUGENE BARRON
30255-037
Federal Medical Center Devens
Post Office Box 879
Ayer, MA 01432-0879

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH EUGENE BARRON, ) | CIVIL ACTION |
| ) | **04-40023** |
| Pro Se Plaintiff, ) | 2004-cv-_____ |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | Judge _____ |
| on behalf of the ) | |
| FEDERAL MEDICAL CENTER DEVENS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PRO SE PLAINTIFF ORDER TO SHOW CAUSE

TEMPORARY RESTRAINING ORDER FOR PRELIMINARY INJUNCTION

AGAINST THE DEFENDANTS

under F.R.Civ.P. 65

<u>CONSOLIDATED DECLARATION AND MEMORANDUM OF LAW</u>

<u>IN THE PRO SE PLAINTIFF's ORDER TO SHOW CAUSE</u>

<u>FOR PRELIMINARY INJUNCTION</u>

<u>ORDERING THE DEFENDANTS TO PROCEED WITH THE PRISON</u>

<u>ORGAN TRANSPLANTATION POLICY PROTOCOL</u>

<u>DECLARATION AND AFFIRMATION</u>

Kenneth Eugene Barron, Pro Se Plaintiff, hereinafter ("Plaintiff"), declares and affirms under the penalty of perjury the instant filing is true.

<u>THE PLAINTIFF IS SUFFERING WITH DAILY IRREPARABLE HARM</u>

<u>CAUSED BY THE DEFENDANTS' FAILING TO FOLLOW THE PRISON ORGAN</u>

<u>TRANSPLANTATION POLICY PROTOCOL FROM YEAR 2000 THROUGH 2004</u>

1.  The Plaintiff is filing two pleadings at the same time that includes the instant Temporary Restraining Order ("T.R.O.") Order to Show Cause with the Plaintiff's complaint. The Plaintiff incorporates the complaint herein by reference for the benefit of judicial economy. The complaint was filed against the United States of America on behalf of the Federal Medical Center Devens who are part of the Federal Bureau of Prisons ("B.O.P.") that are the defendants.

<u>THE PLAINTIFF EXHAUSTED ALL THE REQUIRED B.O.P. REMEDIES</u>

<u>WHEREIN THE DEFENDANTS CONCEDED ON JANUARY 15, 2004, THE ACTION</u>

<u>SHOULD BE FILED UNDER THE PLAINTIFF's FEDERAL TORT CLAIMS ACT</u>

<u>ALLEGATIONS</u>

- 1 -

2.   In <u>Exhibit 8</u> attached to the complaint, the defendants conceded the Plaintiff should file the instant action under the completed Plaintiff's B.O.P. exhaustion pursuant to the Federal Tort Claims Act. In addition to the Plaintiff's federal tort claims exhaustion of B.O.P. remedies, the Plaintiff filed his B.O.P. remedies with the Prison Warden, thereafter the B.O.P. Northeast Region and thereafter with the B.O.P. Central Office located in Washington, D.C. The Plaintiff did comply with each element of B.O.P. exhaustion of remedies under <u>Booth v. Churner</u>, 149 L.Ed. 2d 958 (2000). The prison litigation reform act 42 U.S.C. §1997(e)(A) provides jurisdiction for the action under the Plaintiff's completed exhaustion of remedies that is conceded by the defendants.

<u>THE PLAINTIFF IS SUFFERING FROM IRREPARABLE HARM</u>
<u>CAUSED BY THE DEFENDANTS' FAILURE TO FOLLOW THE B.O.P.</u>
<u>ORGAN TRANSPLANTATION POLICY PROTOCOL</u>
<u>FROM YEAR 2000 THROUGH 2004</u>

3.   On or about August 1997, the defendants put the Plaintiff on hemodialysis based on both of Plaintiff's kidneys failing to function any longer. The Plaintiff's two kidneys are dead, they will never function again. Since August 1997, the Plaintiff has suffered with daily irreparable harm on hemodialysis that fails to remove all the toxins from the Plaintiff's body full time. The Plaintiff is put on the defendants' hemodialysis machine three days each week to remove the toxins from the Plaintiff's body.

4.   In year 2000, the defendants' medical expert in <u>Exhibit 2</u> attached to the complaint set forth the Plaintiff had to proceed

with the required medically adequate kidney transplant protocol.

5.  In <u>Exhibit 3</u> attached to the complaint, the defendants demonstrated on August 11, 2003, in their medical records, that they failed to follow the B.O.P. Organ transplantation policy protocol with the defendants since year 2000 through 2003. The Plaintiff is filing the instant action in year 2004 based on the defendants' delayed and denial of adequate medical treatment under the B.O.P. organ transplantation policy in <u>Exhibit 1</u> attached to the complaint. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

6.  The defendants concede they failed to comply with the B.O.P. organ transplantation policy protocol from year 2000 through year 2004 by delaying the Plaintiff's kidney transplant protocol in each allegation in the attached complaint. The defendants are delaying each step in the B.O.P. organ transplantation policy protocol with the Plaintiff. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

<u>THE PLAINTIFF HAS KIDNEY DONORS WAITING TO PROVIDE THE KIDNEY FOR TRANSPLANT WHEREIN THE DEFENDANTS FAILED TO ACT WITH THE PLAINTIFF's KIDNEY DONORS FROM 2000 THROUGH YEAR 2004</u>

7.  The attached complaint shows allegations with evidence in the defendants' medical records that shows the defendants failed to act with the Plaintiff's kidney donors from year 2000 through 2004. The B.O.P. organ transplantation policy protocol requires the defendants to act with the Plaintiff's kidney donors. The B.O.P. organ transplantation policy is in <u>Exhibit 1</u> attached to the complaint.

8. The defendants are delaying the Plaintiff's kidney transplant protocol based on budget constraints. The defendants are suffering under budget constraints that has prohibited adequate medical treatment in providing the required kidney transplant policy protocol from year 2000 through 2004. The community standard of care under the defendants' B.O.P. policy mandates kidney transplant for the Plaintiff. The defendants are delaying the required community standard of care in preventing the Plaintiff's kidney transplant policy protocol.

9. The defendants are filing fabricated B.O.P. documents in their adverse determinations in response to each of the Plaintiff's exhaustion of B.O.P. remedies in order to delay the required B.O.P. organ transplantation policy protocol with the Plaintiff.

10. The instant order to show cause provides the only basis to address the daily irreparable harm the Plaintiff is suffering based on the defendants' failure and pattern of delay in following the B.O.P. organ transplantation policy protocol.

### THE PLAINTIFF SHOULD NOT BE REQUESTED TO POST SECURITY UNDER F.R.Civ.P. 65(c) TO GAIN THE DEFENDANTS' MANDATE TO FOLLOW THE B.O.P. ORGAN TRANSPLANTATION POLICY PROTOCOL

11. The honorable court should waive the requirement of Plaintiff to post any security in the instant T.R.O. The motion is filed to simply have the defendants comply with their published policy under organ transplantation. The defendants will not face any extra costs and damages for the courts judicial intervention by

ordering the defendants to comply with their organ transplantation policy protocol with the Plaintiff.

### THE HONORABLE COURT SHOULD ORDER THE DEFENDANTS TO RESPOND IN THE INSTANT ORDER TO SHOW CAUSE T.R.O. WITHIN TEN DAYS

12. The Honorable Court understands the history of the defendants based on all the actions that are filling up the court docket. The defendants are using the court in order to violate B.O.P. policy by slowing down due process in the litigation procedure. The Court is respectfully requested by the Plaintiff to stop the defendants' pattern of delaying treatment to the Plaintiff by ordering the defendants to respond within ten days to the instant motion.

### CONCLUSION

Based on the Plaintiff's attached complaint with the instant order to show cause T.R.O., the Pro Se Plaintiff is respectfully requesting the Honorable Court orders the defendants to stop delaying the Plaintiff's kidney transplantation protocol under the published B.O.P. organ transplantation policy. The Court is further requested to order the defendants' response in the instant motion within ten days.

Respectfully submitted,

Dated: February 3, 2004         by _Kenneth E Barron_
                                KENNETH EUGENE BARRON
                                Pro Se Plaintiff

- 5 -