UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH EUGENE BARRON,          )
                                )
         Plaintiff,             )
                                )
    v.                          ) C.A. No.  04-40023-RCL
                                )
UNITED STATES OF AMERICA, et al. )
                                )
         Defendants.            )

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, the motion for a temporary restraining order is denied and plaintiff is directed to demonstrate good cause why his Bivens claims should not be dismissed.

FACTS

On February 11, 2004, plaintiff Kenneth Barron, an inmate at FMC Devens, paid the $150.00 filing fee for this action and filed a complaint and a document titled "Pro Se Plaintiff Order to Show Cause Temporary Restraining Order for Preliminary Injunction Against the Defendants under F.R.Civ.P. [sic] 65." Barron claims that he has been deprived adequate medical care because he suffers from kidney failure, needs a kidney transplant, and has not been given such treatment. Complaint ¶¶ 1-2.  He asserts that he has exhausted his administrative remedies and attaches, among other exhibits, a January 13, 2004 denial of his request for compassionate release by the Northeast Regional Office of the Bureau of Prisons ("BOP").  Id., Exhibit 8.  The one-page BOP denial by the BOP's Regional Counsel, Henry Sadowski, states that Barron's condition is "stable," and that after completion of a liver biopsy, Barron will be referred for approval of a kidney transplant.  Id.

This is not the first action filed by Barron concerning his alleged medical need for a kidney

transplant. In 2000, the Eighth Circuit affirmed the dismissal of his claims under the predecessor BOP organ transplant policy. Barron v. Keohane, 216 F.3d 693 (8th Cir. 2000) (affirming; plaintiff failed to demonstrate deliberate indifference to a serious medical need).

## ANALYSIS

I.   The Court May Screen This Action

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court review a prisoner complaint against a governmental entity or officer at the earliest practicable time, regardless of whether or not a prisoner litigant has paid the filing fee, to determine if the action lacks an arguable basis either in law or in fact, seeks relief from a defendant who is immune from liability, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

II.   The Standard for Issuing A Temporary Restraining Order

A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b).[1] The

---

[1]Rule 65(b) states that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be

applicant must also certify the efforts, if any, which have been made to give that notice and the reasons supporting the claim that notice should not be required.  Id.

A party seeking a temporary restraining order also must demonstrate (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) that the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction.  Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); accord Latin Am. Music Co. v. Cardenas Fernandez & Assoc., Inc.  No. 00-1443, 2001 WL 196742, at *1 n. 2 (1st Cir. Feb. 23, 2001) (same); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).

    A.  Failure to Certify Efforts to Notify the Defendants

As an initial matter, plaintiff's request for injunctive relief fails because Barron has not certified his efforts to notify defendants of this motion, a requirement of minimum due process.  His request for a temporary restraining order, therefore, may be denied for this reason alone.  Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).  In any event, the plaintiff has not met the requirements for the issuance of a temporary restraining for the reasons explained below.

    B.  Likelihood of Success

Establishing a likelihood of success on the merits is "critical" to a successful application for

---

    required.

Fed. R. Civ. P. 65(b).

preliminary injunctive relief, and a party who is unable to convince the trial court that he or she will probably succeed on the merits is not entitled to interim injunctive relief. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Thus, a request for injunctive relief may be denied for failing to demonstrate a likelihood of success standing alone. See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).

Barron specifically purports to bring this action under the Federal Tort Claims Act ("FTCA"), but also makes vague references to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) (recognizing a limited right of an aggrieved party to maintain a cause of action for money damages under the Constitution for injuries suffered because of a Constitutional violation by a federal officer). To the extent that plaintiff's complaint is based solely on the FTCA, he has failed to demonstrate a likelihood of success because injunctive relief is not available under the FTCA. To the extent that Barron brings a Bivens action, he has failed to name a federal official as a defendant.[2]

    1. Injunctive Relief Is Not Available Under the FTCA

The FTCA contains a general waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b), 2674. Section 1346(b) directs that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal

---

[2] I do not consider at this time whether plaintiff has adequately presented his claims to the BOP for purposes of 28 U.S.C. § 2675 or whether he has sufficiently exhausted his remedies as required under 42 U.S.C. § 1997e. I note, however, that the January 13, 2004 administrative tort claim denial was based on a claim filed by plaintiff in July 2003. Plaintiff also attaches a September 18, 2003 denial by the warden of FMC Devens of his request for compassionate relief to the complaint, see Exhibit 7, but he does not allege or indicate that he appealed this denial to the Northeast Regional Director.

injury or death caused by the negligent or wrongful act or omission of any employee of the Government...."  28 U.S.C. § 1346(b) (emphasis added).  The only relief provided for in FTCA is "money damages," and to the extent that plaintiff seeks injunctive relief, his claims are not cognizable under the FTCA.  <u>Talbert v. United States</u>, 932 F.2d 1064, 1065-1066 (4th Cir. 1991); <u>accord</u> <u>Birnbaum v. United States</u>, 588 F.2d 319, 335 (2d Cir. 1978) (same).

    2. The United States and FMC Devens Are
       Not Appropriate Defendants in a Bivens Action

Plaintiff names the United States and FMC Devens as defendants to this action.  To the extent that the complaint may be construed as a <u>Bivens</u> action, these defendants are not proper parties to this suit.  As discussed briefly above, the United States has sovereign immunity from suit absent its consent.  <u>See, e.g.</u>, <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941).  The sovereign immunity of the United States extends to United States departments, agencies, and federal officials in their official capacities absent a clear, explicit statutory waiver.  <u>See</u> <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514 (1952) (sovereign immunity extends to unincorporated departments and agencies of the United States)**;** <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996) (a waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text); <u>cf.</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-485 (1994) (a <u>Bivens</u> action for monetary damages may not be asserted against a federal official acting in his official capacity or a federal agency).  Thus, to the extent that plaintiff is attempting to bring a <u>Bivens</u> claim against the United States, it is subject to dismissal.  <u>Blackmar</u>, 342 U.S. at 514**;** <u>Lane</u>, 518 U.S. at 192; <u>FDIC</u>, 510 U.S. at 484-485 (1994).

5

A federal prison also is not an appropriate defendant.[3]  To be successful in a <u>Bivens</u> action, a plaintiff must allege that some federal official, not a federal entity, violated his constitutional rights. <u>Bivens</u>, 403 U.S. at 389; <u>Brown v. Federal Bureau of Prisons, FCI Loretto</u>, 1992 WL 350674, at *1 (E.D. Pa. Nov. 18, 1992).  Thus, plaintiff's failure to name any federal officials as defendants, as opposed to a federal facility, renders his <u>Bivens</u> claims subject to dismissal and requires the denial of his request for injunctive relief.[4]  <u>Id.</u>

    C.  <u>Irreparable Harm</u>

Plaintiff also has not alleged sufficient facts demonstrating that he will suffer immediate, irreparable harm requiring <u>ex parte</u> injunctive relief.  <u>Vieques Conservation and Historical Trust v. Bush</u>, 140 F. Supp. 2d 127, 134 (D. P.R. 2001) (stating that a federal court must find a cognizable threat of irreparable harm as an essential prerequisite to the issuance of a preliminary injunction) (citing <u>Ralph v. Lucent Technologies, Inc.</u>, 135 F.3d 166, 170 (1st Cir. 1998)).

Even assuming that plaintiff could establish a reasonable probability of success on the merits, several factors persuade me that the plaintiff does not stand to suffer immediate irreparable harm that outweighs any harm to the defendants.  The January 13, 2004 Administrative Tort Claim denial, which I

---

[3] Even assuming that the prison is a sueable entity, any theory of liability for the prison would be based on <u>respondeat superior</u> for the acts of individual employees, and there is no <u>respondeat superior</u> liability for <u>Bivens</u> actions.  <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (§ 1983); <u>cf.</u> <u>Nwanze v. Phillip Morris, Inc.</u>, 100 F. Supp.2d 215, 220 (S.D.N.Y. 2000) (courts treat <u>Bivens</u> actions and § 1983 actions as analogous for most purposes), <u>aff'd</u>, 6 Fed. Appx. 98, 2001 WL 409450 (2d. Cir. Apr. 23, 2001).

[4] The Court also notes, without deciding, that although a party may bring both a <u>Bivens</u> and a FTCA action at the same time, Section 2676 bars a "double recovery." 28 U.S.C. § 2676.

may consider as an exhibit to the complaint, Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001) (pursuant to Fed. R. Civ. P. 10(c), court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss), indicates that plaintiff is currently stable and that upon the satisfactory completion of a liver biopsy, plaintiff will be referred for approval of a kidney transplant.  In view of these factors, I rule that plaintiff has failed to establish that he stands to suffer immediate and irreparable harm outweighing any harm to the defendants.  See Salomon/North America, Inc. v. AMF Inc., 484 F. Supp. 846, 848-849 (D. Mass. 1980).

## CONCLUSION

ACCORDINGLY, I find that plaintiff has failed to demonstrate both a likelihood of success and irreparable harm and his request for a temporary restraining order is DENIED.

Plaintiff is directed to demonstrate, within 42 days of the date of this Memorandum and Order, good cause why his Bivens claims should not be dismissed under 28 U.S.C. § 1915A for the reasons stated above.  Plaintiff may, if he chooses, file an amended complaint naming a proper defendant or defendants as a response.

The Clerk will be directed to issue summonses for plaintiff's FTCA claims in a separate order.

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of March , 2004.

s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE