UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Kenneth Eugene BARRON )
    Plaintiff )
    Pro-se ) Civil Docket 04CIV40023
     )
vs ) Judge Reginald C. Lindsay
     )
United States of America )
    on behalf of FMC Devens )
    Prison )
    Defendant )

MOTION BY THE PRO-SE PLAINTIFF

FOR PARTIAL SUMMARY JUDGEMENT ON

THE COMPLAINT UNDER F.R.C.P. 56

BASED ON THE DEFENDANT'S BREACH OF

THE PRISON MEDICAL POLICIES

By Kenneth Eugene Barron
   Prison Number 30255-037
   FMC Devens Prison
   P.O. Box 879
   Ayer, MA  01432

CONSOLIDATED DECLARATION AND
MEMORANDUM OF LAW BY THE PRO-SE
PLAINTIFF FOR PARTIAL SUMMARY
JUDGEMENT UNDER F.R.C.P. 56
ON THE COMPLAINT READINGS
SHOWING DEFENDANT'S BREACH
OF THE PRISON MEDICAL POLICIES

DECLARATION AND AFFIRMATION

1.  Kenneth Eugene BARRON, pro-se, plaintiff hereinafter (Plaintiff), declares and affirms under the penalty of perjury, the instant filing is true.

SHORT INTRODUCTION TO THE
ACTION AND THE PARTIES

1.  The Plaintiff is a Federal inmate held in detention at FMC Devens Prison since January 24, 2003. The Defendant is the United States of America, on behalf of the Federal Bureau of Prisons, FMC Devens Prison, hereinafter ("B.O.P."), defendants.

2.  The Plaintiff filed his complaint against the defendant on February 11, 2004, with the Plaintiffs order to show cause temporary restraining order for preliminary injunction against the Defendant under F.R.C.P. 65. The complaint sets forth twenty-two (22) pages of allegations showing the Defendant's injury/irreparable harm to the Plaintiff by failing to follow the B.O.P. Organ Transplantation Policy from year 2000 through April, 2004. The Plaintiffs complaint sets forth the Defendant failed to follow the B.O.P. Kidney Donor Transplant Policy that is in **Exhibit 2**, attached to the complaint.

3.  The complaint was filed under jurisdiction pursuant to the Plaintiff's completed exhaustion under the Federal Tort Claims

Act. The Defendant conceded the Plaintiff did exhaust his remedies under the Federal Tort Claims Act, in **Exhibit 8**, attached to the complaint. The complaint and exhibits attached thereto demonstrates the Defendant's negligence by failing to provide the Plaintiff with the medically-appropriate kidney donor protocol, under the B.O.P. Organ Transplant Policy in **Exhibit 2**, attached to the complaint regarding thePlaintiff's kidney donors, who are family members waiting to provide their kidneys for the Plaintiff's transplant.

4. Both of the Plaintiff's kidneys are dead, wherein the Defendant put the Plaintiff on Hemodailysis on or about August 7, 1997. The Defendant's medical expert doctor's concede the Plaintiff must be provided with medically appropriate kidney donor protocol for transplant needed to save the Plaintiff's life. The Plaintiff will die without the required kidney donor transplant.

### THE COURTS MARCH 1, 2004 ORDER RULING ON THE PLAINTIFF'S ORDER TO SHOW CAUSE TEMPORARY RESTRAINING ORDER FOR PRELIMINARY INJUNCTION AGAINST THE DEFENDANT

1. The Court denied the Plaintiff's motion for preliminary injunction, ruling the Plaintiff made vague references to jurisdiction against Dr. Howard, the FMC Devens Medical Director) Under **Bivens vs Six Unknown Named Agents of the Federal Bureau of Narcotics**, 403 U.S. 388 (1971), the Court ruled the Plaintiff could amend his complaint and plead Constitutional violations against the Prison officials who failed to provide the required medically-appropriate treatment. The Defendant did exhaust his

B.O.P. multi-levels of remedies, showing the Constitutional Bivens violations by the FMC Devens prison medical officials. That exhaustion would provide for jurisdiction under Constitutional violations by Dr. Howard.

2. The Plaintiff did not amend his complaint that was allowed under the Courts March 1, 2004 order. The Plaintiff was waiting for the Defendant's response in **Exhibit 1**, attached hereto. In his B.O.P. final level of exhaustion, under **Remedy Number 3096852A1**, dated February 11, 2004, the remedy response was provided by the Defendant after the Court's March 1, 2004 order allowing the Plaintiff to amend the complaint within 42 days, showing the Constitutional **Bivens** violations by the FMC Devens prison officials. The Plaintiff was unable to comply with this Court's March 1, 2004 order allowing the complaint to be amended based on the Defendant's late delivery of **Exhibit 1**, attached hereto. The response in the B.O.P. appeal, **Remedy Number 309685A1**.

3. Under the B.O.P. Remedy response in **Exhibit 1**, **Number 309685A1** the Plaintiff presents evidence proving the Defendant's breach of the B.O.P. Kidney Donor Transplant Police, attached to **Exhibit 1** in the complaint. The Defendant claims, in **Exhibit 1**, attached hereto, the FMC Devens prison officials contacted his family members for testing to provide the required medically-appropriate kidney donation to the Plaintiff. The Defendant's **Exhibit 2** remedy response, attached hereto, shows the deception in filing their fabricated B.O.P. response regarding contacting the Plaintiff's family members to provide the required kidney donation to the Plaintiff. In **Exhibit 2**, attached hereto, the Plaintiff presents

three (3) affidavits from his family members setting forth that the Defendant failed to contact the Plaintiff's family members.

### THE INSTANT MOTION FOR PARTIAL SUMMARY JUDGEMENT ON THE COMPLAINT PLEADINGS AGAINST THE DEFENDANT'S FAILURE TO CONTACT THE PLAINTIFF'S FAMILY MEMBERS TO PROVIDE THE PLAINTIFF WITH THE REQUIRED KIDNEY DONATION UNDER B.O.P. POLICY

1. The complaint, at Page 7 paragraph 14, sets forth the Defendant failed to act with the Plaintiff's family members, who are waiting to provide the required kidney donation to the Plaintiff.

2. The Defendant, in **Exhibit 1**, attached hereto, states they did contact the Plaintiff's family members to provide the required kidney donation to the Plaintiff.

3. The Plaintiff's family members affidavits, in **Exhibit 2**, attached hereto, shows the Defendant's deception in their February 11, 2004 B.O.P. response claiming the Defendant did contact the Plaintiff's family members. The Defendant never acted to gain the kidney donation.

### THE DEFENDANT'S FEBRUARY 11, 2004 B.O.P. REMEDY RESPONSE PROVES THE FAILURE IN ACTING WITH THE PLAINTIFF'S FAMILY MEMBERS TO PROVIDE THE REQUIRED KIDNEY DONATION FOR THE PLAINTIFF UNDER B.O.P. POLICY

1. The Plaintiff moves the Court for partial summary judgement on the complaint pleadings regarding the Defendant's failure to act with the Plaintiff's family members to provide the required kidney donation under the B.O.P. policy for Organ Transplant, attached

to the complaint in **Exhibit 1**.

2.   The Defendant concedes, in **Exhibit 1**, attached hereto, that they did act with the Plaintiff's family members to provide the required kidney donation.  The Plaintiff's family members' affidavits, in **Exhibit 2**, attached hereto, proves the Defendants' negligence in not acting with the Plaintiff's family members to provide the required kidney donation.

3.   The complaint allegations showing the Defendant's negligence in failing to act with the Plaintiff's family members is set forth in **Exhibits 1 and 2**, attached hereto, evidence.  The Defendant must concede they acted with negligence in not requesting the Plaintiff's family members to provide the required kidney donation to save the Plaintiff's life.  The Defendant has no genuine issue as to a material fact in the issue of contacting the Plaintiff's family members for their kidney donation.  The Plaintiff is requesting the Court's ruling, under **F.R.C.P. 56**, for a partial summary judgment on the complaint pleadings.  See: **Matsushite Elec. Indus. Co. v Zenith Radio Corp.**, 475 U.S. 574 (1986).  The evidence in **Exhibits 1 and 2**, attached hereto, proves the outcome of the issue regarding the Defendant's failure to act with the Plaintiff's family members to provide the required kidney donation.  See: **Anderson v Liberty Lobby Inc.**, 477 U.S. 242 (1986).

### SHOULD THE PLAINTIFF AMEND THE COMPLAINT

1.   The Plaintiff would ask the Court to allow the complaint to be amended after the instant motion is decided.  At this time, the Plaintiff claims he has evidence providing Constitutional violations

(6)

under Bivens.

### STANDARD OF REVIEW UNDER LIBERAL INTERPRETATION OF FACT AND LAW

1. Respectfully, the Plaintiff is requesting the Court interpret his pleadings under a liberal review. See: Haines v Kerner, 404 U.S. 519 (1972).

### CONCLUSION

1. Based on all ... filed in the action, the Pro-Se Plaintiff is respectfully requesting the Court grant the partial motion for summary judgement and allow the Plaintiff to amend the complaint.

Respectfully submitted,

Dated April 9, 2004

Kenneth Eugene BARROW
Pro-Se Plaintiff

Administrative Remedy No. 309685-A1
Part B - Response

You appeal the Regional Director's decision denying your request for a compassionate release/reduction in sentence (RIS). You request a kidney transplant or a compassionate release/reduction in sentence (RIS) to obtain a transplant. You believe Bureau of Prisons (BOP) staff are impeding your ability to be evaluated for a transplant and are not providing medical care that is the community standard of care.

Program Statement 5050.46, Compassionate Release; Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A), provides that a RIS may be recommended when there are "particularly extraordinary or compelling circumstances that could not reasonably have been foreseen by the court at the time of sentencing." The BOP generally confines the application of the statute to those inmates who have been diagnosed with a medical condition that is terminal within one year, or, diagnosed with a mental or physical condition that is severely debilitating and irreversible, and limits or prevents self-care. However, a RIS is not assured simply because an inmate has a medical condition that may be appropriate for RIS consideration. In addition to evaluating the medical condition, the BOP will carefully assess the potential risk to public safety and the inmate's ability to engage in criminal behavior. Ordinarily, the BOP will not exercise its statutory discretion if the court was fully aware of the defendant's condition at the time of sentencing.

Investigation reveals medical staff are closely monitoring your condition. Certain medical tests will be conducted during a pre-transplant evaluation to assess your overall health status and medical staff are working with the transplant center to schedule a liver biopsy. Staff have also contacted your family members and they have indicated they are available for compatibility testing following this evaluation. You have been, and will continue to be treated for your medical conditions in a manner that is consistent with community standards. In the event your condition significantly deteriorates, you may request reconsideration of the RIS request.

Accordingly, your appeal is denied.

February 11, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

PRO SE PLAINTIFF

EXHIBIT 2