KENNETH EUGENE BARRON
PRISON NUMBER 30355-037
FMC DEVEN PRISON
P.O. Box 879 AYER MA 01434
PRO SE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Kenneth Eugene BARRON         )
    Plaintiff                 )
    Pro-Se                    )   Civil Action
                              )
vs                            )   Docket 04CV40023RCL
                              )
United States of America      )   Judge Reginald LINDSAY
    DEFENDANT                 )


PARTIAL OPPOSITION BY THE PRO-SE PLAINTIFF
BASED ON THE DEFENDANT'S OBSTRUCTION OF
THE PLAINTIFF'S DOCTORS EVIDENCE THAT THE
PLAINTIFF REQUIRES TO FILE OPPOSITION
TO THE DEFENDANT'S MOTION FOR SUMMARY
JUDGEMENT TO DISMISS THE COMPLAINT

with

MOTION BY THE PLAINTIFF FOR AN ORDER OF DISCOVERY
ON THE PLAINTIFF'S DOCTORS WHO ARE EMPLOYED
BY THE DEFENDANT WHEREIN THE DOCTORS ARE
BEING OBSTRUCTED BY THE DEFENDANT FROM
PROVIDING THE MANDATED PLAINTIFF'S EVIDENCE
FOR THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT TO DISMISS THE ACTION

and

CONSOLIDATED DECLARATION AND MEMORANDUM
OF LAW WITH ARGUMENTS IN THE PLAINTIFF'S
PARTIAL OPPOSITION TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT TO DISMISS
THE ACTION WITH THE PLAINTIFF'S MOTION
FOR AN ORDER OF DISCOVERY ON THE PLAINTIFF'S
DOCTORS WHO ARE BEING OBSTRUCTED BY THE
DEFENDANT FROM PROVIDING THE PLAINTIFF WITH THE
MANDATED DOCTORS EVIDENCE NEEDED BY THE
PLAINTIFF TO FILE HIS COMPLETE OPPOSITION TO
THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TO DISMISS THE ACTION

<u>DECLARATION AND AFFIRMATION</u>

I, **Kenneth Eugene Barron**, pro-se plaintiff, hereinafter Plaintiff declares and affirms, under the penalty of perjury, that the instant filing is true.

MOTION BY THE PLAINTIFF FOR AN ORDER
OF DISCOVERY ON HIS DOCTORS WHO ARE
UNDER CONTRACT WITH THE DEFENDANT
WHEREIN THE DEFENDANT'S CONTRACT
PROHIBITS THE PLAINTIFF'S DOCTORS FROM
PROVIDING THE PLAINTIFF WITH THE
MANDATED EVIDENCE NEEDED BY THE PLAINTIFF
TO FILE THE PLAINTIFF'S COMPLETED OPPOSITION
TO THE DEFENDANT'S MOTION FOR SUMMARY
<u>JUDGEMENT TO DISMISS THE ACTION</u>

(1) On June 16, 2004, the defendant filed their memorandum of law in support of the defendant's motion for summary judgement to dismiss the action.

THE DEFENDANT CONCEDES THE PLAINTIFF
MUST SHOW EVIDENCE FROM HIS DOCTORS
SHOWING THE DEFENDANT'S NEGLIGENCE
<u>IN TREATMENT OF THE PLAINTIFF</u>

(2) The defendant concedes in their memorandum of law in support of their motion to dismiss the action under summary judgement that the Plaintiff must show his doctors evidence that is needed to prove the defendants wrongful acts or ommissions that are set forth in the Federal tort claims act, hereinafter (FTCA). The liberal review by this Court of the Plaintiff's complaint, <u>Haines vs Kerner</u>, 404 US 519 (1972) demonstrates the Plaintiff's claims of wrongful acts and/or ommissions under the FTCA that violated the Federal Bureau of Prisons, hereinafter (BOP), organ transplant policy that is attached to the Defendant's pending motion papaers.

(3) <u>Boiven vs Black</u>, 225 F3d 36 (1st Cir. 2000); <u>Bounds vs Smith</u>, 430 US 817 (1977), with <u>Lewis vs Casey</u>, 518 US 343 (1996) mandates that the defendant must provide the plaintiff with meaningful Court access. The defendants BOP policy with the plaintiff's doctors who are in charge of the plaintiffs treatment under the BOP organ transplant policy prohibits the plaintiff from gaining his doctors declarations and/or evidence that is mandated for the plaintiffs opposition in the defendants pending motion.

(4) The defendant is preventing the plaintiff from reviewing the instant motion by the defendant for summary judgement to dismiss the action with the plaintiff's doctors, who are treating the plaintiff. This Court may order the plaintiff's right to discovery under the Federal Rules of Civil Procedure for the plaintiff's doctors to provide the plaintiff with the evidence of his medical condition regarding his needs for a kidney organ transplant.

(5) This Court may allow the plaintiff's demand for interrogatories on the plaintiffs doctors who are under contract with the defendant. The plaintiff should be allowed to file interragatories on the plaintiffs doctors who ARE set forth in the declarataion of **Dr. HOWARD**, under paragraph 19. **Dr. HOWARD** provided the defendant's key evidence in her declaration that is the basis for the defendant's motion for summary judgement. The, **Dr. HOWARD** paragraph 19, part of her declaration concedes that the plaintiff is under treatment by the defendant's infectious disease specialist.

(6) **Dr. HOWARD**'s declaration at paragraph 19, page 6, concedes the defendant's medical expert, who is plaintiff's treating

-3-

infectious disease specialist set forth, THE Plaintiff requires a kidney transplant.

### THE DEFENDANT'S DR. HOWARD DECLARATION CONCEDES THE PLAINTIFF'S MAY NEED A KIDNEY ORGAN TRANSPLANT



The **Dr. HOWARD** declaration at Page 6, paragraph 19 concedes the plaintiff was recommended for a kidney transplant. However, at paragraph 24 of the **Dr. HOWARD** declaration, she claims the plaintiff is not denied or approved for the requested kidney transplant. The above contrary positions taken in the **Dr. HOWARD** declaration shows the plaintiff's need for discovery by interrogatories from the plaintiff's doctors. **Dr. HOWARD** is not treating the plaintiff and she set forth in her declaration, at page 6, paragraph 19, the plaintiff is under treatment by the defendants infectious disease specialist. In paragraph 18, on page 6, in the **Dr. HOWARD** declaration, she sets forth the plaintiff is under treatment by a nephrologist who is in charge of the plaintiff's treatment for his kidney disease.

In paragraph 11, at page 4, of the **Dr. HOWARD** declaration, she concedes the plaintiff was to move forward for a kidney transplant evaluation in January 2000. Contrary to the Paragraph 11 part of the **Dr. HOWARD** declaration, the defendant failed to proceed with the kidney transplant evaluation that was requested by **Todd K. HOWARD**, MD, Associate Professor of Surgery at Washington University School of Medicine, Barnes Jewish Hospital in paragraph 11. The failure by the defendant to act under the paragraph

11, Page 4 part of the **Dr. HOWARD** declaration presents the need for the plaintiff's discovery under interrogatories from the plaintiff's kidney doctors who are in charge of treating the plaintiff. The defendant has two kidney doctors who are nephrologists treating the plaintiff.

(9)   The plaintiff is under treatment by the defendant's two (2) nephrologist, **Dr. LEE** and **Dr. ZAMBETTI**. The plaintiff claims both doctors, **LEE** and **ZANBETTI** told him he must be evaluated for a kidney transplant. The plaintiff had repeated conversations in 2004 with **Doctors LEE** and **ZAMBETTI** where they both set forth the defendant should proceed with the plaintiff's kidney organ transplant evaluation.

### DR. HOWARD'S DECLARATION SET FORTH THE PLAINTIFF IS NOT AN EMERGENT KIDNEY TRANSPLANT CANDIDATE

(10)   The **Dr. HOWARD** declaration at page 7, paragraph 23, set forth the plaintiff is not an emergent kidney transplant candidate. The above position is "contrary" to the BOP organ transplant policy. If the plaintiff were an emergent kidney transplant candidate, his condition may not allow the complex kidney transplant procedure. The BOP organ transplant policy, attached to the defendant's motion papers, <u>do not</u> in any way require the plaintiff to be an emergent kidney transplant candidate. The defendant's two doctors, who are nephrologists, claim that emergency kidney transplant candidates are not right for the complex procedures. This Court's order of discovery, allowing the plaintiffs interrogaatories, will show the defendant's two nephrologists <u>contrary</u> position to the **Dr. HOWARD** declaration regarding emergency kidney

-5-

transplants. The doctors will concede the plaintiff needs a kidney transplant.

### DR. NELSON DECLARATION CLAIMS ARE FALSE REGARDING THE COMMUNITY STANDARD REQUIREMENT OF KIDNEY TRANSPLANT IN MASSACHUSETTS

The defendant's second declaration used in support for their motion for summary judgement to dismiss the complaint was issued by **Miachel B. NELSON**, D.O, The BOP Chief of Health programs.

(11) One key element in the **Dr. NELSON** declaration in paragraph 5, at page 3, sets forth kidney transplants "are not community standard" treatment in Massachusetts. Both of the defendant's nephrologists, **Dr. LEE** and **ZAMBETTI**, claim the defendant's declaration by **Dr. NELSON** setting forth that kidney transplants are not community standard in Massachusetts is <u>false.</u>

The plaintiff's discovery by interrogatories from both nephrologists, **Dr. LEE** and **Dr. ZAMBETTI**, will show the declaration by **Dr. NELSON** was false regarding the community standard for kidney transplants in Massachusetts.

### DR. NELSON DECLARATION WITHHOLDS THE FACT THAT THE DEFENDANT PROVIDED NO KIDNEY TRANSPLANTS SINCE THE BOP POLICY CHANGED IN FEBRUARY 2000

(12) The **Dr. NELSON** declaration attacks the plaintiff under claims that the defendant is acting to provide kidney transplants. The attack is false, based on the fact that the defendant provided no kidney transplants since the BOP policy changed in February 2000.

(13) The issue of the BOP failing to provide any kidney trans-

plants since the change of the BOP Organ Transplant Policy in February 2000 is not needed by the plaintiff's litigation position. The Court may have an interest in the issue, based on all the published media attention on the BOP failure to provide any kidney transplants. The "Sixty Minutes" TV program asked the BOP on or about July 2003, if they were going to proceed and provide kidney transplants. The BOP responded to "Sixty Minutes" by saying they will only provide kidney transplants under a federal court order.

### THE DEFENDANT'S DOCTORS WHO ARE TREATING THE PLAINTIFF WILL CONFIRM THE PLAINTIFF NEEDS A KIDNEY TRANSPLANT UNDER THE COURT'S ORDER OF DISCOVERY BY INTERROGATORIES


(14) Respectfully, the plaintiff is fighting to "save his life" before it becomes too late for the medically-necessary kidney transplant. The plaintiff is respectfully requesting this Court to order discovery by interrogatories from the defendant's three (3) doctors, who are treating the plaintiff. The plaintiff is requesting discovery on the defendant's infectious disease specialist with the defendant's two nephrologists, **Dr. LEE** and **Dr. ZAMBETTI**.


(15) The plaintiff requires the above discovery to file his opposition to the defendant's pending motion for a summary judgement to dismiss the action.

### CONCLUSION

Based on all the papers filed in the action, the plaintiff

-7-

is respectfully requesting the honorable Court to order discovery on the three (3) defendant's doctors, who are treating the plaintiff. The discovery is requested in order to stop the defendant's obstruction of the plaintiff court access, wherein the plaintiff is denied the right to file his completed opposition to the defendant's moation for summary judgement to dismiss the action.

Respectfully submitted,

Dated July 13, 2004

Kenneth E Barron
Kenneth Eugene BARRON
Plaintiff, Pro-Se