UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH EUGENE BARRON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 04CV40023RCL |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF DISCOVERY ON PLAINTIFF'S DOCTORS**

Now here comes the defendant, United States of America, who <u>opposes</u> plaintiff Kenneth Eugene Barron's motion for an order of discovery on Plaintiff's doctors[1] (hereafter, "Discovery Motion"). As an initial matter, it is important to point out that it was **Plaintiff** –not the United States –who initiated the filing of summary judgment motions in this action. In fact, Plaintiff filed his motion for partial summary judgment almost immediately after filing the complaint, and on largely identical grounds to those alleged in the complaint. Thus, for Plaintiff to now be

---

[1] Actually, Plaintiff filed his motion as a "*Partial Opposition By The Pro-Se Plaintiff Based On The Defendant's Obstruction Of The Plaintiff's Doctors Evidence That The Plaintiff Requires To File Opposition To The Defendant's Motion For Summary {sic} Judgement To Dismiss The Complaint {sic} with Motion By The Plaintiff For An Order Of Discovery On The Plaintiff's Doctors Who Are Employed By The Defendant Wherein The Doctors Are Being Obstructed By The Defendant From Providing The Mandated Plaintiff's Evidence For The Plaintiff's Opposition To The Defendant's Motion For Summary {sic} Judgement To Dismiss The Action {sic} and Consolidated Declaration And Memorandum Of Law With Arguments In The Plaintiff's Partial Opposition To The Defendant's Motion For Summary {sic} Judgement To Dismiss The Action With The Plaintiff's Motion For An Order Of Discovery On The Plaintiff's Doctors Who Are Being Obstructed By The Defendant From Providing The Plaintiff With The Mandated {sic} Doctors Evidence Needed By The Plaintiff To File His Complete Opposition To The Defendant's Motion For Summary Judgment To Dismiss The Action.*"

complaining that he needs a discovery order from the Court in order to be able to respond to the *Opposition of the United States to Plaintiff's Motion for Partial Summary Judgment/ Cross-Motion of the United States for Summary Judgment* (hereafter, "United States' Cross-Motion for Summary Judgment"), is both inconsistent and hypocritical.

Secondly, the United States objects to Plaintiff's use of his Discovery Motion as a veiled attempt to solicit more time to respond to the United States' Cross-Motion for Summary Judgment, without first filing a motion for extension of time. Plaintiff's opposition to the United States' Cross-Motion for Summary Judgment, if any, was due on or about June 30, 2004. Plaintiff never filed an opposition. Instead, Plaintiff filed the instant Discovery Motion one month later which, in essence, requests both discovery and additional time to oppose the United States' Cross-Motion for Summary Judgment. Moreover, it is clear from the substance of Plaintiff's Discovery Motion that he is attempting to use this motion as an opportunity to oppose the United States' Cross-Motion for Summary Judgment, without actually labeling it as such. Plaintiff should not be allowed to circumvent the Federal Rules of Civil Procedure in this manner.

Furthermore, a review of Plaintiff's Discovery Motion reveals that it is both misleading and fraught with inaccuracies with respect to the contents of the medical declarations attached to the United States' Cross-Motion for Summary Judgment. For instance, Plaintiff alleges in his Discovery Motion the following:

> "The Dr. Howard declaration at Page 6, paragraph 19 concedes the plaintiff **was recommended** for a kidney transplant. However, at paragraph 24 of the Dr. Howard declaration, she claims the plaintiff is not denied or approved for the requested kidney transplant. The above contrary positions taken in the Dr. Howard declaration shows the plaintiff's need for discovery by interrogatories from the plaintiff's doctors."

(Plaintiff's Discovery Motion, p. 4.)   These statements are both misleading and inaccurate.  In paragraph 19 of her declaration, Dr. Howard relays that the Infectious Disease Specialist with whom Plaintiff consulted "recommended **to consider** [Plaintiff] for kidney transplant," which was, and is, being done.   (See Declaration of Sandra L. Howard, M.D., FMC Devens Clinical Director ("Howard Decl."),[2] ¶ 19.)   Plaintiff is being considered for transplantation at this time.  The fact that the BOP has neither approved nor denied him for transplantation is not at all contradictory to his being under consideration for the procedure.  It simply means that Plaintiff remains a candidate and under consideration for a kidney transplant.

The following is yet another example of the misleading and inaccurate nature of Plaintiff's Discovery Motion:

> In paragraph 11, at page 4, of the Dr. Howard declaration, she concedes the plaintiff was to move forward for a kidney transplant evaluation in January 2000.  Contrary to {sic} the Paragraph 11 part of the Dr. Howard declaration, the defendant failed to proceed with the kidney transplant evaluation that was requested by Todd K. Howard, MD . . . .   The failure by the defendant to act under {sic} the paragraph 11, Page 4 part of the Dr. Howard declaration presents the need for the plaintiff's discovery under interrogatories from the plaintiff's kidney doctors who are in charge of treating the plaintiff.

(Plaintiff's Discovery Motion, p. 4.)   Once again, Plaintiff has mislead the Court in this instance.  According to declarant Dr. Howard, while Dr. Todd K. Howard's impression was that Plaintiff "appear[ed] to be a reasonable candidate for renal transplant," he also felt that Plaintiff would first need to be fully evaluated, including a "full evaluation" of Plaintiff's Hepatitis B and Hepatitis C, and "a full psychological evaluation to see if he will be able to remain compliant

---

[2]   The Howard Decl. is attached to the United States' Cross-Motion for Summary Judgment as **Document 2**.

3

with medical management and the frequent medical contact required to maintain his allograft once he is released from prison." (Howard Decl., ¶ 11.)  Some months later, Plaintiff did receive such an evaluation by a "certified Neuropsychologist for psychological consultation secondary to pre-renal transplant procedures." (Id. at ¶ 12.)  However, it was **Plaintiff** –not the BOP –who refused to complete the evaluation and testing.  (Id.)  Consequently, the Neuropsychologist concluded that "[Plaintiff's] behavior would raise some concern about his appropriateness for transplantation because of issues regarding follow-through." (Id.)

As a final matter, the United States reasserts its arguments as set forth in its Cross-Motion for Summary Judgment:  First, Plaintiff lacks evidence sufficient to support his allegations of medical malpractice against the United States in either his complaint, partial summary judgment motion, or discovery motion.  Second, Plaintiff's medical records indicate that he has been receiving adequate medical care, fulfilling the standard of care imposed upon the United States.  Additionally, these records indicate that his condition has *improved* as a result of the care and treatment he receives.  (See Howard Decl., ¶ 23.)  Plaintiff's condition is not classified as emergent, and a transplant has not been determined medically necessary.  (Id.)  Furthermore, the BOP organ transplant policy does not require organ transplantation.  (Id.)  Thus, the United States is not in violation of said policy for failure to approve Plaintiff's request for a kidney transplant.  (See Bureau of Prisons Program Statement 6000.05, Health Services Manual, Chapter VI, ¶ 21.)

WHEREFORE, the United States respectfully requests that this Court oppose Plaintiff's Discovery Motion for the reasons set forth herein.

Respectfully submitted,

Defendant, United States of America,
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Gina Y. Walcott-Torres
By: Gina Y. Walcott-Torres
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: August 2, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 2nd day of August 2004, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Kenneth Eugene Barron (Prison #30255-037), *pro se*, FMC Devens, P.O. Box 879, Ayer, MA 01432

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney

## REQUEST FOR WAIVER OF LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby requests a waiver of the requirements of Local Rule 7.1(A)(2). As reasons therefore, she asserts that the plaintiff, who is acting *pro se*, is incarcerated at the Federal Medical Center in Devens, Massachusetts.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney