Kenneth Eugene Barron
Prison Number 30255-037
F.M.C. Devens Prison
PO Box 879
Ayer, MA 01432

Pro Se Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH EUGENE BARRON | : | CIVIL ACTION |
|     Pro Se Plaintiff | : | |
|         VS. | : | Docket # 04 CV 40023 (RCL) |
| UNITED STATES OF AMERICA | : | Judge Reginald Lindsay |
|     DEFENDANT | : | |

RESPONSE BY THE PRO SE PLAINTIFF
TO THE DEFENDANTS OPPOSITION IN
THE PLAINTIFFS MOTION FOR AN ORDER
OF DISCOVERY ON THE PLAINTIFFS DOCTORS.

<u>CONSOLIDATED DECLARATION AND ARGUMENT
SHOWING THE DEFENDANTS OPPOSITION TO
THE PLAINTIFFS MOTION FOR AN ORDER
OF DISCOVERY ON THE PLAINTIFFS
DOCTORS MUST BE DENIED</u>


<u>DECLARATION AND AFFIRMATION</u>

Kenneth Eugene Barron Pro Se Plaintiff Herein After (Plaintiff) declares and affirms under the penalty of purjury the instant filing is true.


(1) <u>The defendants opposition demonstrates how the Plaintiff is denied his constitutional right of court access by the defendant acting to obstruct this court from reviewing the Plaintiffs outside contract doctors key evidence showing the defendants malpractice and evidence in preventing his kidney organ transplant.</u>

(2) The defendants opposition was filed in Bad Faith to obstruct the Plaintiffs Constitutional right to court access by preventing the Plaintiffs doctors evidence that will prove the negligence in the instant action by the Defendant. The Plaintiff is requesting the court to order the Plaintiffs discovery by interrogatories on the Plaintiffs doctors who are treating his medical serious condition problems.


<u>THE DEFENDANTS ARE OBSTRUCTING
THE PLAINTIFFS DOCTORS EVIDENCE
THAT WILL PROVE THE PLAINTIFFS
COMPLAINT ALLEGATIONS AGAINST THE
DEFENDANTS NEGLIGENCE</u>.


(3) The defendants opposition at page 4 in their second paragraph sets forth the Plaintiff lacks evidence to support his allegations of medical malpractice regarding the need for the community standard

of care kidney organ donar transplant. However the opposition
was filed in Bad Faith by the Defendant who is demanding this
court to prevent the Plaintiffs outside B.O.P. contractors who
are specialists treating the Plaintiffd serious medical condition
from providing the evidence that will prove the Defendants
negligence.

(4) The Plaintiff is denied court access that is mandated under
Boiven v. Black 225 F.3d 36 (1st Cir 2000), Bounds v. Smith
430 U.S. 867 (1977) with Lewis v. Casey 580 U.S. 343 (1996) that
provides for the Plaintiff to prove his actual injury that the
defendant is preventing discovery by interrogatories on his doctors
will prove the Defendant is violating the B.O.P. organ transplant
policy that requires the community standard of care organ kidney
donor transplant for the Plaintiff.

### THE COMMUNITY STANDARD OF CARE REQUIRES THE DEFENDANT TO PROVIDE THE PLAINTIFF WITH THE REQUIRED KIDNEY ORGAN TRANSPLANT

(5) The Plaintiff has family members ready and willing to provide
his medically required kidney organ donor transplant. The Plain-
tiffs doctors who are outside B.O.P. contract kidney specialist,
doctors Lee and Zambetti claim the Plaintiff should be provided
with the community standard of care kidney organ donor transplant.
The Defendants bad faith filing of their opposition papers Acts
to prevent this court from reviewing the Plaintiffs outside B.O.P.
doctors evidence that will prove the Defendants negligence in
failing to provide the community standard of care kidney organ
transplant.

(6) The Plaintiff should be granted the right to present his evidence
from the B.O.P. outside kidney doctors who are treating the
Plaintiffs serious medical problems. The Defendnats should not
prevent this court from reviewing the main evidence in the action
that must be provided by doctors Lee and Zambetti with the

Plaintiffs infectious disease specialist. The Defendants opposition seeks to obstruct this courts review with the major evidence from the Plaintiffs Three outside B.O.P. specialists who will prove the Plaintiffs complaint allegations showing actual injury.

### THE DEFENDANTS OPPOSITION ARGUMENT CLAIMING THE PLAINTIFFS PAPERS WERE FILED LATE IS FALSE.

(7) The Defendants opposition arguments claiming the Plaintiff made late filings are false. This court granted the Plaintiffs motion for the enlargement of time to file his papers. The Defendant understands their claims of late filings by the Plaintiff are false. The Defendant is demonstrating conduct to blindside this court from reviewing the key evidence from the Plaintiffs B.O.P. outside specialist doctors who will prove the Defendant is violating the B.O.P. organ donor transplant policy.

### DOCTORS LEE AND ZAMBETTI WILL PROVE THE COMMUNITY STANDARD OF CARE REQUIRES THE DEFENDANT TO PROVIDE THE PLAINTIFF WITH THE MEDICALLY REQUIRED KIDNEY ORGAN DONOR TRANSPLANT UNDER THE B.O.P. POLICY.

(8) Doctors Lee and Zambetti told the plaintiff in 2004 that the community standard of care requires the Defendant to provide the Plaintiff with the medically required kidney organ donor transplant. The Defendants opposition papers demonstrates they don't want this court to review the Plaintiffs Doctors evidence.

(9) The Defendants declaration by Dr. Michael B. Nelson the chief of the B.O.P. health programs at paragraph 5 shows a false statement regarding the community standard of care kidney transplantation. The Plaintiff claims the Defendant filed the Dr. Michael B. Nelson declatation when they knew paragraph 5 was false.

### THE DEFENDANT FILED A FALSE DECLARATION BY DR. MICHAEL B. NELSON REGARDING THE COMMUNITY STANDARD OF CARE KIDNEY ORGAN TRANSPLANTS.

(10) The defendants opposition papers fails to address the Plaintiffs attack on the false declaration filed by Dr. Michael B. Nelson in the maotion for summary judgment to dismiss the action. Based on the Defendants opposition papers that does not address the Plaintiffs attack on the false declaration by Dr. Michael B. Nelson the Defendant may be acting out a fraud on the court.

### THE DEFENDANT MAY BE ACTING OUT A FRAUD ON THE COURT REGARDING THE ISSUE OF COMMUNITY STANDARD OF CARE WITH THE USE OF KIDNEY ORGAN TRANSPLANTS.

(11) The Defendants opposition papers failed to address the Plaintiffs attack on the key evidence in the Defendants motion for summary Judgment to dismiss, Dr. Michael B. Nelson declaration at Paragraph 5 declares under the penalty of perjury that there is no community standard of care regarding kidney transplant. However doctors Lee and Zambetti both claim that position is false. This court must review the evidence by Doctors Lee and Zambetti in order to interpret the true facts in the instant action.

### CONCLUSION

Based on all the papers filed in the action the Pro Se Plaintiff is respectfully requesting the Court to grant his motion for discovery on his doctors.

Dated
August 7, 2004

Respectfully Submitted

By _/s/ Kenneth Barron_
Kenneth Eugene Barron
Pro Se Plaintiff