UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
KENNETH EUGENE BARRON,            )
                                  )
            Plaintiff,            )
                                  )
        v.                        )
                                  )   CIVIL ACTION NO.
UNITED STATE OF AMERICA           )   04- 40023 RCL
                                  )
            Defendant.            )
_____)

MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

LINDSAY, District Judge.

Before the court are motions for partial summary judgment and for discovery by plaintiff, Kenneth Eugene Barron ("Barron"), and a motion for summary judgment by defendant, United States of America (the "defendant or "government").

The plaintiff is a federal inmate currently incarcerated at Federal Medical Center Devens ("FMC Devens"), who claims that the medical staff at the facility has injured him by denying him a kidney transplant in violation of the Bureau of Prison's ("BOP") organ transplant policy and the community standard of care. The plaintiff makes the claim under the Federal Tort Claims Act, 28 U.S.C. §671, et seq. On April 16, 2004, he moved for partial summary judgment, pursuant to Fed. R. Civ. P. 56, on the ground that defendant's refusal to contact his family about possible kidney donations violated the express provisions of the defendant's policy regarding kidney transplantation. (Docket No. 16). He also contends that both of his kidneys have failed, and that he "will die without the required kidney donor transplant." I construe the plaintiff's claim to be one for negligence, in which the plaintiff claims as injury the denial of an urgently required kidney transplant.

For its part, the defendant has filed a cross motion for summary judgment in which it makes two related arguments. (Docket No. 11).  First, the defendant maintains that the BOP could not have violated the terms of the policy because the policy does not require organ transplantation in the circumstances presented by the plaintiff.  The defendant also contends that the plaintiff is receiving adequate treatment while at FMC Devens and that the BOP is satisfying the standard of care required under Massachusetts law.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56(c).  The Supreme Court has stated that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir. 1996).  In considering a motion for summary judgment the court must review the record "in the light most flattering to the nonmovant and indulge all reasonable inferences in that party's favor." *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).  Where there are cross motions, "the court must evaluate each motion separately, being careful to draw inferences against each movant in turn." *Griggs-Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir. 1990).

Based upon a review of the undisputed facts, the court denies both the plaintiff's motion for partial summary judgment and the defendant's motion for summary judgment.

The plaintiff failed to provide the court with a statement of material facts pursuant to Local Rule 56.1, in connection with his motion, and he did not respond to the Rule 56.1 statement filed by the defendant in connection with both motions. Accordingly, the court considers the facts recited in the defendant's Local Rule 56.1 Statement to have been admitted by the plaintiff. *See* D.Mass. Local R. 56.1. (explaining that any material facts of record set forth within a moving party's statement of facts "will be deemed for purposes of the motion to be admitted ... unless controverted by the statement required to be served by opposing parties"). The undisputed facts, as set forth in the defendant's Local Rule 56.1 Statement, show that since the plaintiff's incarceration, he has been regularly evaluated for kidney disease. Defendant's Local Rule 56.1 Statement at 5. He also has tested positive for various forms of hepatitis. *Id.* Since he has been at FMC Devens, the plaintiff has received hemodialysis three times per week and has been seen regularly by a nephrologist. *Id.* at 7. The hemodialysis has improved the plaintiff's condition. *Id.* Consequently, as a result of this stability and vascular access through which he continues to receive dialysis, the plaintiff is not an emergent candidate for a transplant. *Id.*

On January 7, 2000, a surgeon opined that the plaintiff appears to be "a reasonable candidate for a renal transplant" but that his hepatitis B and hepatitis C conditions should be fully evaluated because underlying liver disease "may impact his ability to receive transplant and immunosuppressive medication afterwards." Exhibit B to the defendant's Local Rule 56.1 Statement (Declaration of Sandra L. Howard, M.D.) at ¶ 11. By contrast, on March 17, 2004, an infectious disease specialist at FMC Devens recommended that the defendant "consider kidney transplant" to facilitate treatment of his liver disease. *Id.* at ¶ 19. The defendant then referred the plaintiff to a nephrologist to determine whether the latter would concur with the assessment that

3

the kidney transplant would facilitate treatment of the plaintiff's liver disease. *Id.* at ¶ 20. The record does not indicate whether the defendant made a nephrologist available to the plaintiff. A declaration by FMC Devens's medical director accompanying the defendant's Local Rule 56.1 Statement indicates that as of the date the defendant filed its motion – June 2004 – no nephrologist has seen the plaintiff. *See* Exhibit B to the defendant's Local Rule 56.1 Statement (Declaration of Sandra L. Howard, M.D.) at ¶ 23 (stating that "[o]nce the Nephrologist *does* his evaluation . . . we will proceed initiating an organ transplant laboratory/specialist consultant work-up") (emphasis added).

The plaintiff thus is caught in a medical circularity with one physician urging treatment of the plaintiff's liver disease to facilitate the kidney transplant, and another recommending the transplant to facilitate the treatment of the liver disease. In any case, as of the date of this order, over a year since the plaintiff's consultation with the infectious disease specialist, the defendant has still not determined whether the plaintiff is currently eligible for a kidney transplant; the defendant has neither denied nor approved the plaintiff for a transplant; and the plaintiff apparently remains a transplant candidate.

The court denies plaintiff's motion for partial summary judgment on the basis of his failure to comply with Local Rule 56.1. *See* D.Mass. Local R. 56.1 (stating that failure by the moving party to include the required statement "constitutes grounds for denial of the motion"); *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir. 2000) (observing that parties ignore rules like 56.1 at their peril). Moreover, among the facts now taken as undisputed from the defendant's Local Rule 56.1 Statement is that BOP policy does not mandate a kidney transplant for someone in the plaintiff's circumstances. An important one of such circumstances is that the plaintiff does not

4

now have an emergent need for a transplant, his condition having improved and stabilized on hemodialysis.  Thus the plaintiff has not established that his need for a transplant is such that the defendant's alleged failure to make efforts to effect the transplant entitles the plaintiff to judgment as a matter of law.

      The court denies the defendant's summary judgment motion because there is a triable issue as to whether the failure of the defendant to complete its assessment of the plaintiff's current eligibility for a transplant is a failure to provide adequate care to the plaintiff.  As indicated above, at least two separate specialists have recommended that, at the very least, the defendant consider the plaintiff a potential candidate for kidney transplant.  The specialist have disagreed, however, as to whether the transplant should precede or follow an evaluation of the plaintiff's liver disease.  In the meantime, it does not appear that the defendant has attended to either the transplant or the evaluation of the liver disease in the period (2000 - 2004) since the first physician determined the plaintiff to be a reasonable candidate for a transplant.  Furthermore, it is at least disputed whether, despite the recommendation of two physicians, the defendant has, in fact, considered the plaintiff for a kidney transplant.  Under these circumstances, a jury could find a failure of the defendant to render adequate care to the plaintiff.  Of course there is the question of whether the plaintiff has suffered harm because of the defendant's alleged failure to address his kidney/liver problems.  While the undisputed facts show improvement in the plaintiff's kidney function, the record is not clear as to whether the health of the plaintiff's kidneys has improved overall.  Nor does the record indicate the current state of the health of the plaintiff's liver, in light of the two hepatitis infections.

The present motions were filed before any discovery by the plaintiff. The plaintiff has filed a motion for discovery, which the court construes as a motion pursuant to Fed. R. Civ. P. 56(f). The plaintiff claims that, with discovery directed specifically to physicians in the employ of the defendant, he can establish that he has an urgent need for a kidney transplant. That motion provides an independent basis for the denial of the defendant's motion for summary judgment.

For the foregoing reasons, both motions for summary judgment are denied. The plaintiff's motion for discovery also is denied without prejudice pending the establishment of a complete schedule for all pretrial matters, including discovery. The clerk shall set this case for a scheduling conference.

SO ORDERED.

Date:   March 31, 2005

                                                      /s/ Reginald C. Lindsay
                                                 United States District Judge