UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
KENNETH EUGENE BARRON,                      )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )     Civil Action No. 04CV40023RCL
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
    Defendant.                              )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

Now here comes the defendant, United States of America, which opposes the Motion to Reopen ("Motion") of plaintiff, Kenneth Eugene Barron, on jurisdictional and other meritorious grounds. Specifically, Barron's original complaint, filed on or about February 13, 2004, alleged that the United States, through the Federal Medical Center at Devens, Massachusetts ("FMC Devens"), had committed medical malpractice with respect to his treatment at the facility, and had failed to approve his kidney transplant requests in violation of Bureau of Prisons ("BOP") policy and applicable medical standards of care. See Complaint. Summary judgment motions were filed by both parties, and on March 31, 2005, the Court issued its ruling denying both motions. Contemporaneously, Barron's medical treatment and kidney transplant evaluation, which had been ongoing and preceded his original complaint, continued.

On November 28, 2006, after all necessary medical testing and evaluation concluded, Barron was granted the relief sought in his complaint, *to wit*, a kidney transplant, rendering the original complaint moot. Subsequently, on February 13, 2007, the Court dismissed this action, without prejudice, for a lack of activity on the docket and for administrative and statistical purposes.

The allegations contained in Barron's instant Motion also sound in tort (e.g., medical

negligence), but do not concern the government's failure to approve a kidney transplant. Rather, the allegations in the Motion concern Barron's dissatisfaction with his post-transplant medical treatment (e.g., complaints concerning modifications in the prescribed dosages of his anti-rejection medication, etc.), which, logically, was not at all contemplated by the original complaint. Before Barron can bring the new, completely unrelated allegations to this Court's attention, he must first fully exhaust his administrative remedies as to those claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, BOP policy and BOP regulations. Indeed, pursuant to 28 C.F.R. § 543.31(c), prior to filing a tort suit in federal court, Barron must first submit an Administrative Tort Claim to the appropriate Bureau of Prisons Regional Office for its review and decision. Barron should not be allowed to circumvent established legal process and piggy-back his new allegations, which have nothing to do with the original complaint, under the guise of a "motion to reopen."

Respectfully submitted,

Defendant, United States of America,

By its attorney,

MICHAEL J. SULLIVAN

United States Attorney

By:    /s/ Gina Y. Walcott-Torres
       Gina Y. Walcott-Torres
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3369

Dated: June 26, 2007

**CERTIFICATE OF SERVICE**

    This is to certify that I have this 26th day of June 2007, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Kenneth Eugene Barron (Prison #30255-037), *pro se*, FMC Devens, P.O. Box 879, Ayer, MA 01432

                                         /s/ Gina Y. Walcott-Torres
                                         Gina Y. Walcott-Torres
                                         Assistant United States Attorney